# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN WAUGAMAN, | |
| Plaintiff, | |
| v. | Civil Action No. 17-330 |
| SERGEANT BRYAN PAINTER, et al., | Magistrate Judge Lisa Pupo Lenihan |
| | ECF No. 69 |
| Defendants. | |

## MEMORANDUM OPINION

Before the Court is the Motion to Dismiss filed by Sgt. Brian Painter ("Painter") pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 69). Defendant seeks dismissal of Plaintiff's Second Amended Complaint (ECF No. 48) as to him because it is time barred.

Avoiding dismissal under Rule 12(b)(6) requires a complaint to provide "enough factual matter" to allow the case to move beyond the pleading stage of litigation; the pleader must "'nudge his or her claims across the line from conceivable to plausible.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 – 35 (3d Cir. 2008) (quoting *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). In assessing the merits of a claim subject to a motion to dismiss, a court must engage in a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 – 11 (3d Cir. 2009). First, factual and legal elements of a claim must be distinguished. *Id.* Second, it must be determined whether the facts as alleged support a "plausible claim for relief." *Id.* In making the latter determination, the court must be mindful that the matter pleaded need not include "detailed factual allegations," *Phillips*, 515 F.3d at 231 (quoting *Twombly*, 550 U.S. at

555), and the court must construe all alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party. *Id.* at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003)).

The original Complaint, (ECF No. 1) filed by Plaintiff on August 18, 2017, alleges that a number of police officers (many of whom were identified as John Does) from three different police forces used excessive force in connection with his arrest on March 17, 2015. It further alleges that other officers witnessed the use of excessive force and did nothing to stop it. The original Complaint identifies Officers Gain, Denning and Rullo as the assaulting officers. On June 28, 2017, Plaintiff filed an Amended Complaint (ECF No. 18). In that Amended Complaint, he makes similar allegations, includes specific references to the Fourth and Fourteenth Amendments and makes some additional allegations as to Defendant South Greensburg. He continued to identify Officers Denning, Gain and Rullo as the officers who attacked him, with a number of John Doe officers failing to intervene.

On September 29, 2017 (ECF No. 48) Plaintiff filed a Second Amended Complaint. This was filed primarily in response to a Motion to Dismiss. In the Second Amended Complaint, Plaintiff identifies the John Doe Defendants. Specific to this Motion, he identifies Sgt. Bryan Painter of the Borough of South Greensburg Police Department as one of the officers who allegedly attacked and beat him. (ECF No. 48 ¶ 50).

On January 5, 2018, Defendant Painter filed the present motion, arguing that, although Painter had been named as one of the John Doe officers in the first two complaints, neither had alleged that he was involved in the attack on Plaintiff. Painter argues that this is a newly asserted claim that did not arise out of the same conduct, transaction or occurrence and therefore, cannot be said to relate back. Applying the two year statute of limitations per 42 Pa.C.S. § 5524, Painter

argues that the claim is time barred. As the incident occurred on March 17, 2015, Plaintiff agrees that two years have passed, but argues that Fed. R. Civ. P. 15(c) applies and the allegations in the newly filed complaint relate back to the original complaint, which was timely filed. (ECF No. 86). The Court agrees with Plaintiff, and will deny the Motion to Dismiss.

A complaint is properly subject to dismissal due to the passing of the relevant statute of limitations if the defense is "apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (citing *Bradford-White Corp. v. Ernst & Whinney*, 872 F.2d 1153, 1161 (3d Cir. 1989); *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)). The appropriate limitations period for § 1983 claims in Pennsylvania is two years. *Id*. (citing *Knoll v. Springfield Twp. Sch. Dist.*, 763 F.2d 584, 585 (3d Cir. 1985)). Thus, an Amended Complaint filed on September 29, 2017, presenting a claim pertaining to the conduct of a newly named defendant on March 17, 2015, is untimely filed. Plaintiff nevertheless contends that Painter received notice of his potential liability by virtue of being named as a John Doe Defendant in the two previous, timely filed, complaints. Plaintiff argues that the current claims against the now identified John Doe- Painter- arise from the same occurrence, "the finding, apprehension, and arrest of the[Plaintiff]." ECF No. 86 p.3. He further argues that Painter is represented by the same counsel as one of the Municipal Defendants. Finally, he argues that the Borough of South Greensburg, by whom Painter is employed, received notice of the lawsuit in a timely manner, as did counsel for the Borough who is also counsel for Painter.

Federal Rule of Civil Procedure 15(c)(1)(B) dictates that an amended pleading will relate back to the date of an original pleading if it contains "'a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading.'" *Glover v. F.D.I.C.*, 698 F.3d 139, 145 (3d Cir. 2012) (quoting Fed. R. Civ. P.

3

15(c)(1)(B)). Accordingly, a court must "'search for a common core of operative facts in the two pleadings.'" *Id.* (quoting *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004)). "[O]nly where the opposing party is given 'fair notice of the general fact situation and the legal theory upon which the amending party proceeds' will relation back be allowed." *Id.* at 146 (quoting *Bensel*, 387 F.3d at 310). Amended pleadings which have the effect of significantly altering the nature of a proceeding "'by injecting new and unanticipated claims are treated far more cautiously.'" *Id.* (quoting *United States v. Hicks*, 283 F.3d 380, 388 (D.C. Cir. 2002)).

The issue involves whether a defendant is given 'fair notice of what the plaintiff's amended claim is and the grounds upon which it rests.'" *Id*. (quoting *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n. 3 (1984)). At a recent conference, Defendant referred to this Court's opinion in *Peters v. Chief Jason Brown, et al.* at Civil action number 16-260, ECF No. 75, in support of his position. In that case, the Court denied a claim of relation back and granted a Motion to Dismiss a newly joined defendant. Plaintiff attempted to join an entirely new defendant, and claimed relation back because this new defendant was represented by the same counsel as other defendants. While Painter is also represented by the same counsel as other defendants, in a significant distinction from *Peters,* Plaintiff herein named a number of John Doe Defendants, of which Painter was eventually identified as one. Those defendants were the officers at the scene of the altercation with Mr. Waugaman. Sgt. Painter was one of those officers. The Court does not see a serious distinction, under the *Glover* standard, between the claim that Painter watched Plaintiff being attacked, or the claim that Painter was involved in the attack. Amended pleadings are frequently found to relate back when simply restating "'the original claim with greater particularity'" or amplifying "'the factual circumstances surrounding the pertinent conduct,'". *Glover*, 698 F.3d at 146 (quoting *Bensel*, 387 F.3d at 310). The conduct

of which Painter is accused arises from the same conduct or occurrences alleged as to John Doe in the original Complaint. Admittedly the allegations of Painter's conduct are not identical but they are not required to be. They are required to arise from the same conduct, transaction or occurrence set out in the original pleading. *Glover*, 698 F.3d at 145. As the court in *Glover* stated, "Rule 15(c) endeavors to preserve the important policies served by the statute of limitations- most notably, protection against the prejudice of having to defend against a stale claim…" *Id.* Consequently, the original Complaint placed Painter, who was at the scene and knows what transpired, on notice of potential liability for the use of excessive force. Therefore, the Motion to Dismiss at ECF No. 69 will be denied. An appropriate Order will follow.

Dated March 15, 2018

                                                              Lisa Pupo Lenihan
                                                              United States Magistrate Judge

cc:       Counsel of record
           via electronic mail.